[Cite as *McGuire v. McGuire*, 2012-Ohio-5346.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| JAMES MCGUIRE | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-COA-5 |
| LEON MCGUIRE AND JOYCE MCGUIRE | : | |
| | : | |
| | : | O P I N I O N |
| Defendants-Appellants | | |

CHARACTER OF PROCEEDING:          Civil appeal from the Ashland Municipal
                                                            Court, Case No. 11-CVG-937

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT ENTRY:          November 15, 2012

APPEARANCES:

For Plaintiff-Appellee                         For Defendants-Appellants

O. JOSEPH MURRAY                         JOSEPH F. SALZGEBER
10 East Main Street                           P.O. BOX 799
Ashland, OH 44805                            Brunswick, OH 44212

*Gwin, P.J.*

{¶1} Defendants-appellants Leon and Joyce McGuire appeal a judgment of the Municipal Court of Ashland, Ohio, entered in favor of plaintiff-appellee James McGuire on his action for eviction. Appellants assign two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT-APPELLANTS' MOTION FOR DEFAULT JUDGMENT ON ITS (sic) COUNTERCLAIMS, MADE IN WRITING IN 'DEFENDANTS' POST-HEARING MEMORANDUM' FILED ON OCTOBER 21, 2011 WHERE PLAINTIFF-APPELLEE DID NOT FILE AN ANSWER OR TIMELY ANSWER TO THOSE COUNTERCLAIMS.

{¶3} "II. COMPETENT CREDIBLE EVIDENCE DID NOT SUPPORT THE TRIAL COURT'S JUDGMENT AND FINDINGS IN FAVOR OF PLAINTIFF-APPELLEE AND AGAINST DEFENDANT-APPELLANTS AS TO THE COMPLAINT FOR EVICTION, COUNT ONE OF THE COUNTERCLAIM FOR PLAINTIFF-APPELLEE'S BREACH OF AGREEMENT BETWEEN PARTIES AND COUNT THREE OF THE COUNTERCLAIM FOR MONEY OWED TO DEFENDANT-APPELLANT BY PLAINTIFF-APPELLEE, AND THE TRIAL COURT'S JUDGMENT AND FINDINGS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THIS CASE."

{¶4} The record indicates appellants transferred ownership of some 12.25 acres of property near Jeromesville, Ohio to appellee in 2005. Appellee is appellant Leon McGuire's son and appellant Joyce McGuire's step-son. Appellants were experiencing financial difficulties and appellee purchased the property so appellants could pay some bills. The Jeromesville property has a single-family residence, a pole

barn used as a garage, another older barn and a salvage yard. The purchase agreement between the parties transferred the real estate and all personal property located thereon except for appellants' personal motor vehicles, clothing, and household goods. The agreement also provided appellants were to retain a life estate interest in the Jeromesville property for their joint lives. This would allow them to continue to live in the residence. The agreement did not contain any language pertaining to rent payments.

{¶5} Appellee originally borrowed the $80,000 purchase price from a long-time family friend, in exchange for which appellee agreed to obtain a mortgage loan on the property. It took appellee and his wife eight to ten months to obtain a loan from a mortgage company because the property was considered a farm. However, the lender required appellants' life estate to be extinguished as a condition of making the loan to appellee. Appellee approached appellants in 2006 and they agreed to relinquish their life estate. The parties filed a quit-claim deed which extinguished the life estate and the loan was approved. Appellant Leon McGuire and appellee subsequently opened a joint checking account where appellant's disability checks were deposited. Testimony indicated appellant Leon McGuire kept the checkbook while appellee and his wife held the debit card on the joint account.

{¶6} In May 2007, appellant Leon McGuire loaned $7,000.00 to his friend Jim Bebout, agreeing the friend would repay him $7,300.00. Testimony indicated because Bebout was slow to re-pay money owed to appellant Leon McGuire, he was led to believe that appellee had made the loan.

{¶7} Several weeks later, Bebout wanted to sell a "dozer" for $25,000.00. Appellee purchased the dozer for $18,000 and a set off of the $7,000.00 Bebout owed appellee. Appellee testified he deposited $3,000.00 in the appellant's joint account as a part repayment of the $7,000.00.

{¶8} In December of 2009, appellee and appellants discussed payment of rent. Appellee maintained appellants were supposed to be paying rent to appellee from the time they first sold the property to him. Appellants maintained they had never agreed to pay rent.

{¶9} Appellee filed his complaint to evict appellants from the residence, alleging they were in default of a monthly rate of $500.00 from November 2007 through July 2011, for a total amount of $22,500.00. Appellee's complaint did not seek a monetary award for past due rent. Appellants filed an answer and counter-claim, alleging appellee had induced them to relinquish their life estate in the property by promising to execute another document reinstating the life estate. Appellants also alleged appellee had converted certain of their motor vehicles that were on the property, and appellee had never repaid the $7,300.00 from appellants' loan to Bebout.

{¶10} The trial court's judgment of December 28, 2011 granted restitution of the property to appellee. The court granted appellants possession of any vehicles titled in their names, but declined to order appellee to repay appellants for the alleged loan.

I.

{¶11} In their first assignment of error, appellants argue the trial court should have entered default judgment on their counterclaim because appellee did not file an answer.

{¶12} The trial court conducted a trial on the merit on September 23, 2011. At trial the issues before the court included all those raised in the counterclaim. On October 21, 2011, appellants filed a post-hearing memorandum, in which they first raised the question of a default judgment. Appellants never filed an actual motion for default.

{¶13} We find the failure of appellants to move for default judgment prior to trial waived their right to default judgment because they submitted the claims on the merits.

{¶14} The first assignment of error is overruled.

II.

{¶15} In their second assignment of error, appellants argue the trial court's judgment is not supported by competent and credible evidence as to the eviction and breach of contract, and the court's judgment and finding on the counterclaim for money owed pursuant to the loan was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶16} In the recent case of *Eastley v. Volkman*, 132 Ohio St.3d 328, 972 N.E.2d 517 (2112), the Ohio Supreme Court explained the differences in the concepts of manifest weight and sufficiency of the evidence, and our role in reviewing such claims. The court noted the concepts are quantitatively and qualitatively different, *Eastly,* ¶10, citing *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. Our task on review is to determine whether the evidence is legally sufficient as a matter of law. By contrast, the term "manifest weight of the evidence" refers to the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *Eastley* ¶ 12, citation deleted. In

considering a claim the verdict is against the manifest weight of the evidence, we must weigh the evidence and all reasonable inferences to be drawn, and to consider the credibility of witnesses to determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Id. at ¶20, citations deleted.

{¶17} Nevertheless, in reviewing the facts, we defer to the fact finder, because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶18} At trial, three witnesses testified there was an agreement for payment of $500.00 per month for rent. Appellants both testified there was no agreement. The parties all agreed there was never a lease or other written document pertaining to rent.

{¶19} The trial court found appellee's evidence more persuasive, and we do not find a manifest injustice therein. The trial court found no breach of an agreement to reinstate appellants' life estate in the property. Again, the matter hinges on the credibility of the witnesses, and we find the court was entitled to draw these conclusions.

{¶20} Regarding the debt, appellee acknowledged he was responsible for the obligation, but testified he had made a $3,000.00 payment into the parties' joint account. Appellee testified he credited appellants' rent for the balance. The trial court had before it evidence from which it could find in appellee's favor on the question of the $7,000.00 debt.

**{¶21}** We find the court's decision is supported by sufficient evidence and is not against the manifest weight of the evidence. The second assignment of error is overruled.

**{¶22}** For the foregoing reasons, the judgment of the Ashland Municipal Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

WSG:clw 1025                              _____

HON. JULIE A. EDWARDS

[Cite as *McGuire v. McGuire*, 2012-Ohio-5346.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES MCGUIRE | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEON MCGUIRE AND JOYCE MCGUIRE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-COA-5 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Ashland Municipal Court is affirmed.  Costs to appellants.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS