EASTLEY, ADMR., APPELLEE, *v.* VOLKMAN; HUFFMAN, APPELLANT.

[Cite as *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179.]

*When the evidence to be considered is in the court's record, a party need not have moved for directed verdict or filed a motion for a new trial or a motion for judgment notwithstanding the verdict to obtain appellate review of the weight of the evidence—In civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence.*

(No. 2011-0606—Submitted December 7, 2011—Decided May 22, 2012.)

APPEAL from the Court of Appeals for Scioto County,

Nos. 09CA3308 and 09CA3309, 2010-Ohio-4771.

_____

**SYLLABUS OF THE COURT**

1.  When the evidence to be considered is in the court's record, a party need not have moved for directed verdict or filed a motion for a new trial or a motion for judgment notwithstanding the verdict to obtain appellate review of the weight of the evidence.

2.  In civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence.

_____

**LANZINGER, J.**

**{¶ 1}** Article IV, Section 3(B)(3) of the Ohio Constitution provides that "[n]o judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." In this case, two judges on the court of appeals panel voted to reverse the judgment on the weight of the evidence but one judge concluded that appellant had waived

appellate review of the weight of the evidence by failing to renew her motion for directed verdict or to file a motion for a new trial or for judgment notwithstanding the verdict. Because we hold that appellant was not required to file those motions to obtain appellate review of the weight of the evidence, we reverse the judgment and remand the case to the court of appeals for further proceedings.

## I. Background

**{¶ 2}** Paula Eastley, appellee, filed a wrongful-death action as administrator of the estate of Steven Hieneman, her son, against Paul Volkman, M.D., and Tri-State Healthcare, L.L.C., a pain-management clinic in Portsmouth, Ohio, where Dr. Volkman practiced. The complaint alleged that Volkman had committed medical malpractice and that Tri-State Healthcare was vicariously liable for the doctor's conduct. The complaint was amended later to add appellant, Denise Huffman, doing business as Tri-State Health Care, as a defendant. The amended complaint asserted a claim of negligence against Huffman, as well as claims for vicarious liability and conspiracy.

**{¶ 3}** A jury trial was conducted on February 4, 2008. Eastley presented evidence that 33-year-old Hieneman received treatment at the clinic and died April 20, 2005, due to the acute combined effects of oxycodone, Xanax (alprazolam), and Valium (diazepam) that Dr. Volkman had prescribed the previous day. Eastley's evidence against Huffman related to allegations of the negligent operation of the clinic in causing Hieneman's death. At the conclusion of Eastley's evidence, Huffman moved for a directed verdict "on the grounds that there is no evidence in the record from which the jury could conclude that Denise Huffman was negligent." After the motion was denied, Huffman presented defense evidence but did not renew her directed-verdict motion either after she rested or at the close of all evidence. Because Eastley did not present evidence to support a theory of vicarious liability, the trial court instructed the jury on negligence rather than agency by estoppel with respect to Huffman.

2

**{¶ 4}** The jury found that Volkman's medical malpractice and Huffman's negligence had proximately caused Hieneman's death, and the trial court entered judgment in Eastley's favor in the amount of $500,000 against Huffman and Volkman, jointly and severally. Huffman appealed, arguing in part that because Volkman had admitted that he was an independent contractor, she could not be held vicariously liable. Huffman also pointed out that Eastley's counsel had repeatedly stated that Eastley was not pursuing a vicarious-liability claim. Huffman further asserted that, once Volkman's conduct was removed from the analysis, there was no basis to hold her liable because there was no evidence that she violated a duty of care owed to Hieneman.

**{¶ 5}** The Fourth District Court of Appeals affirmed the verdict against Huffman. *Eastley v. Volkman*, 4th Dist. Nos. 09CA3308 and 09CA3309, 2010-Ohio-4771, 2010 WL 3835666. Although two of the three judges on the court of appeals panel agreed with Huffman that based on an ordinary negligence theory, the jury's verdict was against the manifest weight of the evidence, one judge dissented in part and concluded that because Huffman had not renewed her motion for a directed verdict or filed a motion for new trial or for judgment notwithstanding the verdict, she had forfeited all but plain error. Thus, the dissenting judge[1] prevented a reversal based on the weight of the evidence, because pursuant to the Ohio Constitution, Article IV, Section 3(B)(3), a reversal on the manifest weight of the evidence requires concurrence of all three judges.

**{¶ 6}** We accepted this discretionary appeal to clarify when and upon what standard a court of appeals must review the weight of the evidence in a case. We hold that when the evidence to be considered is in the court's record, a party need not have moved for directed verdict or filed a motion for a new trial or a motion for judgment notwithstanding the verdict to obtain appellate review of the

---

1. We refer to the "dissenting judge," although the judge dissented only in part and concurred in the judgment upholding the verdict.

weight of the evidence. We also hold that in civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence.

## II. Legal Analysis

### A. Courts of Appeals May Review Cases on the Weight of the Evidence

{¶ 7}   At the outset, there should be no question that a court of appeals has the authority to reverse a judgment as being against the weight of the evidence. Indeed, the Ohio Constitution sets forth certain restrictions on an appellate court that exercises this power. "No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." Ohio Constitution, Article IV, Section 3(B)(3). Or stated conversely, a court of appeals panel must act unanimously to reverse a jury verdict on the weight of the evidence. This section of the constitution does not distinguish between criminal and civil jury trials and thus applies to both. We have held that unanimous panels are needed to reverse judgments based on civil jury verdicts on grounds that they are against the manifest weight of the evidence. *Bryan-Wollman v. Domonko,* 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198. When a trial judge, rather than a jury, has acted as the factfinder in a civil case, however, App.R. 12(C) provides that two of the three appellate judges may reverse the judgment based on the manifest weight of the evidence, but that a judgment may be reversed only once for this reason.[2]

---

2. App.R. 12(C) provides:

> In any civil action or proceeding which was tried to the trial court without the intervention of a jury, and when upon appeal a majority of the judges hearing the appeal find that the judgment or final order rendered by the trial court is against the manifest weight of the evidence and do not find any other prejudicial error of the trial court in any of the particulars assigned and argued in the appellant's brief, and do not find that the appellee is entitled to judgment or final order as a matter of law, the court of appeals shall reverse the judgment or

*B. Legal Sufficiency of the Evidence and Manifest Weight*

*of the Evidence Are Distinct Concepts*

{¶ 8}   The dissenting judge, based on the idea that manifest weight of the evidence and legal sufficiency "merge" in civil trials, determined that because Huffman failed to renew her Civ.R. 50(A) motion for directed verdict at the close of evidence or move for a new trial pursuant to Civ.R. 59(A)(6) or move for judgment notwithstanding the verdict ("JNOV") pursuant to Civ.R. 50(B), she waived the issue of manifest weight of the evidence for purpose of appeal.

{¶ 9}   In civil cases, the concepts of sufficiency of the evidence and weight of the evidence continue to be sources of confusion, particularly as to what standard of review should apply when a verdict is challenged as being against the manifest weight of the evidence.  But there is no reason why the fundamental logical differences between evidential sufficiency and weight cease to exist in civil cases.

{¶ 10} We have carefully distinguished the terms "sufficiency" and "weight" in criminal cases, declaring that "manifest weight" and "legal sufficiency" are "both quantitatively and qualitatively different."  *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus.

1. Legal Sufficiency of Evidence

{¶ 11}  In *Thompkins*, we described "sufficiency" as

"a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the

---

final order of the trial court and either weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence or remand the case to the trial court for further proceedings; provided further that a judgment shall be reversed only once on the manifest weight of the evidence.

evidence is legally sufficient to support the jury verdict as a matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.

*Id*. at 386, quoting *Black's Law Dictionary* 1433 (6th Ed.1990).

2. Manifest Weight of Evidence

{¶ 12} Nevertheless, even if a trial court judgment is sustained by sufficient evidence, an appellate court may nevertheless conclude that the judgment is against the manifest weight of the evidence:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*."

(Emphasis sic.) *Id.* at 387, quoting *Black's* at 1594.

{¶ 13} *Thompkins*, a criminal case, was the first case from this court that thoroughly considered the qualitative and quantitative distinctions between the legal sufficiency and the manifest weight of evidence. We explained how the manifest-weight standard of review operated in a criminal case (i.e., the appellate court sitting as a "13th juror"), but we did not confine the analysis on the distinctions between the evidentiary standards to criminal cases alone.

6

### 3. Misinterpretation of *C.E. Morris*

**{¶ 14}** Although the holding in *Thompkins* was not limited to criminal cases, some appellate courts seemed hesitant to distinguish between sufficiency and manifest weight of the evidence in civil cases and instead began to blur those concepts. *See, e.g., Reed v. Key-Chrysler Plymouth*, 125 Ohio App.3d 437, 440-441, 708 N.E.2d 1021 (2d Dist.1998); *Siegal v. Magic Carpet & Upholstery*, 8th Dist. No. 74645, 1999 WL 608808, *4 (Aug. 12, 1999); *Lakeshore Properties v. Sharonville*, 1st Dist. No. C-000321, 2001 WL 127650, *4 (Feb. 16, 2001). These appellate courts relied on *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), a short opinion predating *Thompkins* that contained no analysis. The *C.E. Morris* court stated, "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id*. at 280. But at least one court of appeals has questioned the use of separate standards for reviewing manifest weight of the evidence in civil and criminal cases. *See Gevedon v. Ivey*, 172 Ohio App.3d 567, 2007-Ohio-2970, 876 N.E.2d 604 (2d Dist.).

**{¶ 15}** Although we have repeated the *C.E. Morris* standard and applied it to the review of civil cases, we have not fully analyzed it in light of *Thompkins*. The phrase "some competent, credible evidence" in *C.E. Morris* presupposes evidentiary weighing by an appellate court to determine whether the evidence *is* competent and credible. But unfortunately, in some cases after *C.E. Morris*, we used the term "merge" in relation to the concepts of manifest weight and sufficiency, which created some confusion in the courts of appeals. One such case was *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264.

**{¶ 16}** In *Wilson*, we were not concerned with the distinction between legal sufficiency and manifest weight of the evidence but rather with the review of a trial court's findings relating to sexual-offender classifications and whether

7

the proceedings themselves were civil or criminal.[3] When speaking in *Wilson* of a civil manifest-weight standard, we did not analyze the distinctions between sufficiency and weight of the evidence. We merely noted that "the standard in *C.E. Morris* tends to merge the concepts of weight and sufficiency." *Wilson* at ¶ 26. We later made clear that "the merger [between sufficiency and weight of the evidence] is not complete because of the separate constitutional significance accorded 'weight of the evidence' by Section 3(B)(3), Article IV of the Ohio Constitution." *Bryan-Wollman*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 3.

### 4. The *Thompkins* Standard of Review for Manifest Weight of the Evidence Applies in Civil Cases

{¶ 17} There are several reasons why the standard set forth in *Thompkins* also applies in civil cases. First, neither the constitution nor statutes nor rules of procedure treat civil cases differently from criminal cases with regard to appellate review on the issues of sufficiency and manifest weight. *See* Ohio Constitution, Article IV, Section 3(B)(3); App.R. 12(C); and R.C. 2321.01, 2321.18, and 2945.831. The concepts remain qualitatively and quantitatively different from each other no matter the type of case.

{¶ 18} Second, if *C.E. Morris* required an appellate court to determine only whether there is sufficient evidence to support a civil jury verdict, then there would never be any review of manifest weight of the evidence in these cases. There is a distinction between review for weight of the evidence in the courts of appeals and review by the Supreme Court of matters of law. R.C. 2503.43 states, "In a civil case or proceeding, except when its jurisdiction is original and except as provided by section 2309.59 of the Revised Code, the supreme court need not

---

3. Our holding in *Wilson* does not apply to sexual offenders who commit offenses on or after January 1, 2008, the effective date of 2007 Am.Sub.S.B. No. 10, which made many changes to R.C. Chapter 2950. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (sexual-offender-registration statutes enacted in 2008 are punitive, rather than remedial, in nature).

determine as to the weight of the evidence." But a court of appeals has the power to decide that a jury verdict is against the weight of the evidence, provided that it acts unanimously. We will not review a determination by a court of appeals that a verdict or finding is against the weight of the evidence. *Bown & Sons v. Honabarger*, 171 Ohio St. 247, 168 N.E.2d 880 (1960), paragraph three of the syllabus; *State v. Robinson,* 162 Ohio St. 486, 124 N.E.2d 148 (1955); *see also* R.C. 2953.02 ("The supreme court in criminal cases shall not be required to determine as to the weight of the evidence, except * * * in cases in which a sentence of death is imposed for an offense committed on or after January 1, 1995, and in which the question of the weight of the evidence to support the judgment has been raised on appeal * * *").

{¶ 19} Third, because "manifest weight of the evidence" refers to a greater amount of credible evidence and relates to persuasion, it does not matter that the burden of proof differs in criminal and civil cases. In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight).

{¶ 20} Several courts of appeals do apply the *Thompkins* standard for manifest weight of the evidence in civil as well as criminal cases. For example, the Ninth District stated how a review on manifest weight is to be conducted:

> " 'The [reviewing] court * * * weighs the evidence and all
> reasonable inferences, considers the credibility of witnesses and
> determines whether in resolving conflicts in the evidence, the
> [finder of fact] clearly lost its way and created such a manifest
> miscarriage of justice that the [judgment] must be reversed and a
> new trial ordered.' "

(Alterations made in *Tewarson*.)  *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001), quoting *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 21} In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *
>
> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶ 22} When a court of appeals determines that a jury verdict is against the weight of the evidence, it should remand the case for a new trial.  *See Hanna v. Wagner*, 39 Ohio St.2d 64, 66, 313 N.E.2d 842 (1974).  A court of appeals panel has the power to so act, provided it acts unanimously and reverses only once on manifest weight of the evidence.  These restrictions protect the jury verdict and safeguard against arbitrary remand.

{¶ 23} We therefore make clear today that in civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence.

### C. Motions Are Not Required to Challenge Manifest
### Weight of the Evidence on Appeal

{¶ 24} The dissenting judge concluded that because Huffman had not moved for a directed verdict at the close of all evidence or filed motions for JNOV or a new trial after the jury's verdict, she had waived her appeal on the manifest weight of the evidence. These motions are governed by distinct standards.

{¶ 25} Civ.R. 50(A) motions for directed verdict do not present factual issues but instead present questions of law. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4. The same is true for a Civ.R. 50(B) JNOV motion. *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 275, 344 N.E.2d 334 (1976) ("The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict"). Faced with the question of sufficiency through a directed-verdict motion, the court must determine whether any evidence exists on every element of each claim or defense for which the party has the burden to go forward. Even if it is necessary to review and consider the evidence, a reversal of a judgment from a jury trial on grounds that the trial court should have granted a directed verdict is not a reversal on manifest weight of the evidence. *Ruta v. Breckenridge-Remy Co*., 69 Ohio St.2d 66, 430 N.E.2d 935 (1982), paragraph one of the syllabus.

{¶ 26} A motion for new trial pursuant to Civ.R. 59(A)(6), however, contends that "[t]he judgment is not sustained by the weight of the evidence." The motion must be filed within 14 days of entry of judgment, and the rule specifies that a trial judge may grant "only one new trial * * * on the weight of the

evidence in the same case." *Id.*; *see also* R.C. 2321.18 ("The same trial court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case").

{¶ 27} In explaining what a trial court considers when ruling on a motion for a directed verdict or motion for a new trial, we observed:

> There is a basic difference between the duty of a trial court to submit a case to the jury where "reasonable minds" could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not "sustained by sufficient evidence." The former does not involve any weighing of evidence by the court; nor is the court concerned therein with the question of credibility of witnesses. However, in ruling on a motion for new trial upon the basis of a claim that the judgment "is not sustained by sufficient evidence," the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence.

*Rohde v. Farmer*, 23 Ohio St.2d 82, 262 N.E.2d 685 (1970), paragraph three of the syllabus.

{¶ 28} Because motions for directed verdict and for JNOV present questions based on the sufficiency of the evidence, submitting one or both of these motions is clearly not a prerequisite for appellate review on the manifest

weight of the evidence. Nor is a motion for a new trial a prerequisite for appellate review of the weight of the evidence. As R.C. 2321.01[4] explains,

> [a] motion for a new trial is not necessary as a prerequisite to obtain appellate review of the sufficiency or weight of the evidence submitted to the trial court where such evidence to be considered appears as a part of the record filed in the appellate court.

{¶ 29} Nothing in the rules or statutes requires a party to have made a particular motion before seeking appellate review of a jury verdict on the weight of the evidence. Nor do the cases cited in the dissenting appellate judge's opinion support his assertion that Huffman waived appellate review of the weight of the evidence by failing to raise certain motions in the trial court. *See Eastley*, 2010-Ohio-4771, ¶ 60 (Kline, J., dissenting).

{¶ 30} We now hold that when the evidence to be considered is in the court's record, a party need not have moved for directed verdict or filed a motion for a new trial or for JNOV to obtain appellate review of the weight of the evidence.

### III. Conclusion

{¶ 31} Reversal on the manifest weight of the evidence and remand for a new trial are not to be taken lightly. Nevertheless, we express no thought on whether the court of appeals should reverse the judgment and grant a new trial in this case. It may be that the dissenting judge believes that the weight of the evidence supports the jury's verdict, and in that event, the verdict will be affirmed

---

4. A corresponding statute appears in the criminal code: "A motion for a new trial is not a necessary prerequisite to obtain appellate review of the sufficiency or weight of the evidence in the trial of a criminal case." R.C. 2945.831.

again. We simply remand for consideration of the issue based upon the appropriate standard.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents and would dismiss the appeal as having been improvidently accepted.

_____

Spetnagel & McMahon and Thomas M. Spetnagel; and Bender Law Offices and Stanley C. Bender, for appellee.

Gallagher, Gams, Pryor, Tallan & Littrell, L.L.P., M. Jason Founds, and Mark H. Gams; and Mann & Preston, L.L.P., and James L. Mann, for appellant.

Gallagher Sharp and Timothy J. Fitzgerald, urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.

_____