[Cite as *In re K. G.*, 2013-Ohio-3160.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: K.G. | : | APPEAL NO. C-120772 |
| | | TRIAL NO. F12-1163x |
| | : | |
| | : | *O P I N I O N.* |

Civil Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 19, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Klarysa J. Benge*, for Appellee Guardian Ad Litem,

*Jon R. Sinclair*, for Appellant Mother.

Please note:  this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1}     Nine-year-old K.G. was adjudicated abused, neglected and dependent because his mother failed to insure that his asthmatic condition was properly treated, and, in fact, removed him from the hospital on two occasions while he was still receiving treatment.  Appellant is K.G.'s mother.  She argues that the trial court went astray by adopting a magistrate's report that was tainted by the magistrate's reliance upon hearsay contained in K.G.'s medical records.  We have parsed through the statements relied upon by the magistrate, and determine that most of the evidence was admissible under exceptions to the hearsay rule.  One statement did constitute inadmissible hearsay, but the error was harmless.  We conclude that the court's finding that K.G. was abused, neglected and dependent was supported by clear and convincing evidence, and, therefore, affirm the judgment of the trial court.

I.

{¶2}     This case arose from a series of hospital visits over a three-day period made by K.G. for complications from his previously diagnosed asthmatic condition. On May 7, 2012, K.G.'s grandmother took him to the Hopple Street Health Center because he was having trouble with his asthma.  He was assessed and sent via ambulance to Children's Hospital Medical Center ("CHMC").  Appellant arrived at CHMC's emergency room after K.G. had been brought by ambulance.   After spending some time in the emergency room, appellant took K.G. from the hospital without receiving discharge papers or new prescriptions.  Appellant later claimed that, despite not having spoken with medical personnel, she thought K.G. was free to leave because a nurse had given K.G.'s grandmother a form titled "Return to Work/School Statement" that acknowledged that K.G. had been in the emergency room on May 7.

{¶3}     Because appellant removed K.G. from the emergency room without him having been discharged, the Hamilton County Department of Job and Family Services ("HCJFS") received an allegation of medical neglect.  Ms. Tara Leaman, an intake social worker with HCJFS, contacted appellant and tried to explain the seriousness of K.G.'s medical condition.  Appellant responded with laughter and racial slurs and hung up on Ms. Leaman.  Later in the evening, appellant's brother contacted her and told her that police officers had come to his home looking for K.G., and that she needed to get K.G. to the hospital.  Appellant asked her mother to take K.G. back to the hospital, and her mother did so on May 8.

{¶4}     While being examined in the emergency room, K.G. told medical personnel that he had not had any asthma treatment since his mother had taken him from the hospital on May 7.  K.G.'s medical records note that on May 8, he had "increased work of breathing and significant wheezing."  According to appellant, she spent a few hours in K.G.'s hospital room on May 8, and then again removed him from the hospital without K.G. having been discharged.

{¶5}     On May 9, Ms. Leaman and another social worker went to appellant's brother's house to try to locate K.G.  They were not able to see K.G., and were again subjected to name-calling and racial slurs by appellant.  After appellant lunged at and tried to physically attack the social workers, Ms. Leaman called 911, but appellant sped away before the police arrived.  Later that day, family members brought K.G. back to the hospital.  HCJFS requested and received an emergency order of custody.  HCJFS also filed a complaint seeking temporary custody of K.G., claiming that he was abused, dependent and neglected.

{¶6}     A magistrate of the Hamilton County Court of Common Pleas, Juvenile Division, held an adjudication hearing.  *See* R.C. 2151.28(A)(2).  At the hearing, HCJFS

sought to introduce into evidence K.G.'s medical records from CHMC. Appellant objected to admission of the records. When the magistrate overruled her objection, appellant's counsel requested the opportunity to redact portions of the records that were hearsay. The magistrate denied the request, but noted that she would consider only admissible statements within the records.

{¶7} Following the hearing, the magistrate adjudicated K.G. abused, dependent and neglected, and committed K.G. to the temporary custody of HCJFS. Appellant objected to the decision of the magistrate, arguing that the magistrate improperly considered hearsay in the medical records. The trial court overruled appellant's objections and adopted the magistrate's decision, concluding that the magistrate properly had limited her review of the medical records to nonhearsay portions, and that "[a]ny hearsay included in the medical records and not covered by a hearsay exception was harmless error and not relied upon in the decision."

## II.

{¶8} In her sole assignment of error, appellant asserts that the trial court erred by adopting the magistrate's decision and adjudicating K.G. abused, dependent and neglected. She contends that the magistrate improperly admitted the records from CHMC because they constituted inadmissible hearsay. Absent the inadmissible portions of the records, she argues, the magistrate's decision was not supported by clear and convincing evidence.

{¶9} Evid.R. 803(6), relating to records of regularly conducted activity, provides an exception to the general rule that hearsay statements are inadmissible. Under the exception, "memorand[a], report[s], record[s], or data compilation[s] in any form of acts, events, or conditions made at or near the time by, or from information transmitted by a person with knowledge, if kept in the course of a

regularly conducted business activity," are not excluded as hearsay. Evid.R. 803(6). K.G.'s medical records were admitted into evidence as business records of CHMC.

{¶10} Appellant argues that the records were not admissible because no one from the hospital testified about the records. This argument is not persuasive. Under R.C. 2317.422(A), in lieu of the testimony of the person who made the records or who has custody of them, hospital records "may be qualified as authentic evidence if any such person endorses thereon the person's verified certification identifying such records, giving the mode and time of their preparation, and stating that they were prepared in the usual course of the business of the institution." *See* Evid.R. 803(6); Evid.R. 901(B)(1). A hospital representative so certified these records.

{¶11} Appellant also challenges the admission of the records because statements within the records were inadmissible hearsay. Even if K.G.'s medical records themselves were admissible under Evid.R. 803(6), the magistrate still should have excluded hearsay statements within the records unless those statements were independently admissible under a hearsay exception. Evid.R. 805. Here, rather than allow the parties an opportunity to redact impermissible hearsay from the records, the magistrate stated that she would consider only admissible portions of the records.

{¶12} We are troubled by the magistrate's unwillingness to allow the parties to redact hearsay statements. While we have in the past employed a presumption that in a bench trial the finder of fact "considered only properly admitted evidence," *State v. Strohm*, 1st Dist. Hamilton Nos. C-060056, C-060057 and C-060058, 2006-Ohio-6161, ¶ 24, the far better course would have been to remove any hearsay from the records. *See State v. Hamilton*, 77 Ohio App.3d 293, 300, 602 N.E.2d 278 (12th Dist.1991). If this had been done, there would be no question about what evidence

the magistrate had considered. As it stands, we review the magistrate's decision to determine whether she relied on impermissible hearsay.

{¶13} One category of statements relied upon by the magistrate in her adjudication decision was statements in the medical records about K.G.'s condition. For example, one doctor noted "grunting, retracting, poor air movement throughout. Scattered occasional wheeze." Such first-hand observations by the doctor who created the record were admissible as part of the regularly recorded business records. Evid.R. 803(6). The magistrate also cited K.G.'s statement to CHMC medical staff on May 8 that he had not received treatment from the time when his mother had removed him from the emergency room on May 7. This statement was admissible as a statement for the purposes of medical diagnosis or treatment. *See* Evid.R. 803(4). A nurse's note that appellant stated upon entering the emergency room that "he wasn't this bad at home, he was fine" was admissible as a statement against appellant's interest. *See* Evid.R. 801(D)(2).

{¶14} The magistrate did, however, consider an inadmissible hearsay statement made by Dr. Ololade Akintoye in the medical records. According to Dr. Akintoye, she told appellant on May 8 that K.G. would be in the hospital at least overnight. This statement—"a statement, other than one made by the declarant while testifying at the trial or hearing"—was inadmissible hearsay. *See* Evid.R. 801(C). Although the magistrate should not have considered the statement, we conclude that its admission was harmless because it was cumulative of other evidence that appellant knew her son was expected to remain in the hospital. Appellant herself testified that she had removed K.G. from the hospital on two occasions before he was discharged.

III.

{¶15}   Appellant contends that even if the magistrate's consideration of the statements in the medical records was proper, the adjudication of K.G. as abused, neglected and dependent was not supported by clear and convincing evidence.  *See* R.C. 2151.35(A)(1).   In her appellate brief, appellant seems to challenge both the sufficiency and the weight of the evidence.  As to sufficiency, "[w]e will not reverse a trial court's determination that a child was abused, [neglected] or dependent unless we are convinced that it is not supported by sufficient evidence to meet the clear and convincing standard."  *In re Wilkinson*, 1st Dist. Hamilton Nos. C-040182, C-040203 and C-040282, 2004-Ohio-4107.   We conclude that the trial court's findings that K.G. was abused, neglected and dependent were supported by clear and convincing evidence.  *See* R.C. 2151.031 (abused child defined); R.C. 2151.03 (neglected child defined); R.C. 2151.04 (dependent child defined).   In regard to the manifest-weight argument, having reviewed the record, we are not persuaded that, in adjudicating K.G. abused, neglected and dependent, the trial court lost its way and created such a miscarriage of justice that we must reverse its decision.  *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.   The trial court therefore did not err when it overruled appellant's objections and adopted the magistrate's report. The sole assignment of error is overruled, and we therefore affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.