[Cite as *Cubbedge-Parker v. Dillard*, 2016-Ohio-3367.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Cynthia Cubbedge-Parker | Court of Appeals No. L-15-1245 |
| Appellee | Trial Court No. CVG-15-01640 |
| v. | |
| William Dillard | **DECISION AND JUDGMENT** |
| Appellant | Decided: June 10, 2016 |

* * * * *

Douglas A. Wilkins, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} This is an appeal from the judgment of the Toledo Municipal Court, Housing Division, awarding damages in the amount of $4,770.77 to appellee, Cynthia Cubbedge-Parker, following a bench trial in which the court determined that appellant, William Dillard, was liable for nonpayment of rent and damage to appellee's property. We affirm.

## A. Facts and Procedural Background

{¶ 2} On February 5, 2015, appellee filed a complaint with the trial court, in which she alleged that she was the owner of certain premises being leased by appellant. She further alleged that appellant agreed to lease the premises for $400 per month, and that he breached the lease agreement by failing to pay rent as agreed. Consequently, appellee asserted claims for restitution of the premises and an award of damages for, inter alia, appellant's nonpayment of rent and any damage that appellant caused to the premises.

{¶ 3} A trial to the bench took place on August 17, 2015. At that trial, appellee testified that appellant drafted a contract in April 2014, in which appellant agreed to rent her property for $400 per month with an option to purchase the property. According to appellee, appellant complied with his obligation to pay rent for the first four months. However, appellant missed the following four monthly payments on account of dental and car repair issues. Consequently, appellee evicted appellant from the premises in January 2015.

{¶ 4} Upon reentering the premises, appellee noticed that appellant had cut down "every tree and shrub and brush in [her] backyard." At trial, appellee presented an estimate for the replacement of her landscaping totaling $2,670.77. On cross-examination, appellee explained that she had not replaced the landscaping as of the date of trial, and also indicated that she no longer owned the property because it was foreclosed by Lucas County prior to trial due to her failure to pay $15,000 in property taxes.

2.

**{¶ 5}** At the conclusion of the trial, the court found in favor of appellee, awarding her $1,600 for back rent and another $2,670.77 to replace the landscaping. Further, the court found in favor of appellant on his counterclaim, awarding him damages in the amount of $1,820 for expenses he incurred in repairing the property under the expectation that he would be able to subsequently purchase it. The court ordered that appellee's damage award be offset by appellant's damage award. Appellant has now timely appealed.

## B. Assignment of Error

**{¶ 6}** On appeal, appellant assigns the following error for our review:

There is no competent credible evidence to support the lower court's finding that Parker incurred damage in the amount of $2,670.77; the finding is against the manifest weight of the evidence.

## II. Analysis

**{¶ 7}** In his sole assignment of error, appellant contends that the trial court's award of $2,670.77 to appellee for the replacement of landscaping that appellant removed from the property was against the manifest weight of the evidence.

**{¶ 8}** When reviewing a decision in a civil case for being against the manifest weight of the evidence, we apply the same standard used in criminal cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23. That is, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the

3.

evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In weighing the evidence, we must be mindful of the presumption in favor of the finder of fact:

> [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment. *Eastley* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

**{¶ 9}** The general rule for measuring damages to real estate is found in *Ohio Collieries Co. v. Cocke*, 107 Ohio St. 238, 140 N.E. 356 (1923), paragraph five of the syllabus. Under this rule, if the damage is reparable, that is, the property can be restored, "the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure." *Id.* "[A] plaintiff need not prove diminution in the market value of the property in order to recover the reasonable costs of

4.

restoration, but either party may offer evidence of diminution of the market value of the property as a factor bearing on the reasonableness of the cost of restoration." *Martin v. Design Constr. Servs., Inc.*, 121 Ohio St.3d 66, 2009-Ohio-1, 902 N.E.2d 10, syllabus.

{¶ 10} Here, appellant does not contest the reasonableness of the cost to replace the shrubbery set forth in the estimate appellee presented to the trial court. Rather, appellant argues that the trial court's determination that appellee "incurred a cost of [$2,670.77] to replace the removed shrubbery" was not supported by the record, since appellee acknowledged that she had not yet replaced the shrubbery and was no longer the owner of the property. We find no merit to appellant's argument. While appellee will not directly incur the cost of replacing the shrubbery since she no longer owns the property, she has nonetheless suffered from a reduction of the market value of the property and, by extension, a reduction in the potential sale price of the property in foreclosure. Notably, appellant introduced no evidence regarding diminution of the market value of the property at trial. Therefore, we do not find that the trial court's award of $2,670.77 to appellee was against the manifest weight of the evidence.

{¶ 11} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 12} In light of the foregoing, we affirm the judgment of the Toledo Municipal Court, Housing Division. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                    JUDGE
Arlene Singer, J.

                                                       _____
Stephen A. Yarbrough, J.                            JUDGE
CONCUR.

                                                       _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.