[Cite as *In re D.E.*, 2025-Ohio-654.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.E.                    :

A Minor Child            :           No. 114350

[Appeal by M.M., Mother]    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-24903664

---

### *Appearances:*

Michael P. Dunham, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee* CCDCFS.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant M.M. ("mother") appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), filed on August 30, 2024, which granted permanent custody of her child, D.E. ("the child"), to the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the

agency") pursuant to R.C. 2151.353(A)(4) and terminated mother's parental rights. Upon review, we affirm.

{¶ 2} On April 15, 2024, CCDCFS filed a complaint alleging the child was abused and dependent and requesting a dispositional order of permanent custody to CCDCFS. The case was brought to the attention of the agency because of mother's testing positive for illegal substances during her pregnancy and the child's requiring treatment for withdrawal after birth. Mother had a significant history of substance-abuse issues, and she had previously lost custody of four other children due in part to her substance-abuse issues. The child's alleged father was incarcerated, had a prior criminal history, and had another child who was placed in the legal custody of an interested individual.

{¶ 3} The child was committed to the emergency custody of CCDCFS on April 26, 2024. Following a hearing held on August 12, 2024, the juvenile court found the child abused and dependent. A dispositional hearing was held on August 20, 2024. Testimony and evidence were presented in the matter, which this court has thoroughly reviewed.

{¶ 4} The juvenile court issued a journal entry on August 30, 2024, that ordered the child placed in the permanent custody of CCDCFS and terminated the parental rights of mother and the alleged father. The juvenile court also denied a motion for legal custody that had been filed by mother, which requested the child be placed with a proposed legal custodian, D.En.

{¶ 5} Mother timely filed this appeal. She raises six assignments of error for review.

{¶ 6} Under her first assignment of error, mother claims the juvenile court's decision was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 7} When applying a sufficiency challenge to the juvenile court's decision, we "'examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.'" *In re Z.C.*, 2023-Ohio-4703, ¶ 8, quoting *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990). A reviewing court should affirm the trial court when the evidence is legally sufficient to support the judgment as a matter of law. *Id.* at ¶ 13, citing *Bryan-Wollman v. Domonko*, 2007-Ohio-4918, ¶ 3. When reviewing a manifest-weight challenge, we "must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.* at ¶ 14, citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 20.

{¶ 8} In this case, the agency requested permanent custody of the child as part of its original abuse, neglect, or dependency complaint. Pursuant to R.C. 2151.353(A)(4), "If a child is adjudicated an abused, neglected, or dependent child," the court may "[c]ommit the child to the permanent custody of a public children services agency" if the court "determines in accordance with [R.C. 2151.414(E)] that

the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent" and "determines in accordance with [R.C. 2151.414(D)(1)] that the permanent commitment is in the best interest of the child."

{¶ 9} Pursuant to R.C. 2151.414(E), "[i]f the court determines, by clear and convincing evidence . . . that one or more of the [the enumerated] factors exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent[.]" "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Cleaned up.) *In re Z.C.* at ¶ 7. "A juvenile court is only required to find that one of [the R.C. 2151.414(E)] factors is met in order to properly find that a child cannot or should not be placed with a parent." *In re Y.F.*, 2024-Ohio-5605, ¶ 43 (8th Dist.), citing *In re Ca.T.*, 2020-Ohio-579, ¶ 27 (8th Dist.).

{¶ 10} Here, in accordance with R.C. 2151.414(E), the juvenile court found, by clear and convincing evidence, that "the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents" upon determining that there is evidence that one or more of the statutory

factors exist, including R.C. 2151.414(E)(1), (2), (4), (11), and (12).[1] Those factors are set forth in the juvenile court's decision.

{¶ 11} Among other evidence, there was testimony by the family advocate that mother was initially compliant with services; however, starting in June 2024, she was noncompliant. Mother started to have positive drug screens for cocaine and THC, yet she denied using cocaine. In July and August 2024, mother was asked to submit drug screens six times, but she failed to comply. After mother was unsuccessfully discharged from treatment, she failed to engage in services to which she was referred. There also was testimony that the safety plan that was in place was disrupted when mother, when not permitted, was found to have spent the night at the home of D.En., to whom mother requested legal custody be granted.[2] Though mother claimed she was not living in the home, the family advocate testified that D.En. reported otherwise. At the time of the dispositional hearing, D.En. testified mother was not currently living in his home, but he could not provide an exact date as to when she stopped living there. Additionally, it was undisputed that mother had her parental rights involuntarily terminated with respect to siblings of the child, and the evidence supported the determination under R.C. 2151.414(E)(11) that mother "has failed to provide clear and convincing evidence to prove that,

---

[1] It is evident that the R.C. 2151.414(E)(12) finding only applied to the alleged father, who was incarcerated.

[2] The family advocate expressed concerns with D.En., who reported mother was not using drugs and testified he would know if mother was using.

notwithstanding the prior termination, the parent can provide a legally secure placement and adequate care for the health, welfare, and safety of the child."

{¶ 12} Our review reflects the juvenile court's determination that one or more of the R.C. 2151.414(E) factors exist is supported by the record. Moreover, despite mother's challenges to some of the factors, the R.C. 2151.414(E)(11) factor alone was sufficient to warrant the juvenile court's finding under R.C. 2151.414(E).

{¶ 13} The juvenile court also found, by clear and convincing evidence, that "it is in the best interest of the child to grant permanent custody to the agency." In accordance with R.C. 2151.414(D)(1), the juvenile court considered all the relevant factors, including those listed in R.C. 2151.414(D)(1)(a) through (e), which are set forth in the court's decision, along with other factors. When analyzing the best interest of the child, "[t]here is not one element that is given greater weight than the others pursuant to the statute." *In re Schaefer*, 2006-Ohio-5513, ¶ 56.

{¶ 14} The juvenile court made numerous findings in support of its best-interest determination. Among other findings, the juvenile court found "neither parent is nor will be in a position to take custody of the child[.]" The juvenile court found "three of the child's siblings were placed in the permanent custody of the agency" and that "mother has extensive history of substance abuse and mental health problems[,] has been noncompliant with treatment services[,]" "has no sobriety to date[,]" and "has not remedied the conditions that caused her to lose custody of her other four children." It was "not clear where the mother is living." The juvenile court also noted father's "long criminal history[,]" "his most recent

incarceration[,]" and his lack of any involvement with the child, the agency, or the case. The juvenile court found that "the child was placed with the proposed legal custodian as part of a safety plan upon the child's release from the hospital following his birth. Within a week, that safety plan was . . . violated. The child was then placed with his current caregiver and three of his biological siblings where he has remained." The juvenile court recognized that "the child currently has the opportunity to grow up with three of his four siblings." The juvenile court found compelling the GAL's recommendation of permanent custody as being in the child's best interest, and the court noted that "the GAL was cross examined about whether he had observed a visit with [the child], but the mother's behavior during visits is not a decisive issue in this case." The record demonstrates that the juvenile court's best-interest determination is supported by the record.

{¶ 15} Contrary to mother's argument, the juvenile court did not err in refusing to order the child placed in the legal custody of D.En. Concerns were raised regarding the proposed legal custodian; and as the juvenile court recognized, the availability of a placement that would not require a termination of parental rights is not an all-controlling factor. *See In re Schaefer* at ¶ 64. Rather, R.C. 2151.414 "requires a weighing of all the relevant factors" and to "find the best option for the child . . . ." *In re Schaefer* at ¶ 64. Moreover, when it is determined that permanent custody is in the best interest of the child, legal custody necessarily is not. *In re Y.F.*, 2024-Ohio-5605, ¶ 34 (8th Dist.), citing *In re B.K.*, 2023-Ohio-1820, ¶ 31 (8th Dist.). Additionally, the juvenile court was not required to afford mother additional time in

the matter, and it had the authority to commit the child to the permanent custody of CCDCFS. *See* R.C. 2151.353(A)(4); 2151.414(D) and (E).

{¶ 16} Our review shows the juvenile court engaged in a proper analysis and made the requisite statutory determinations pursuant to R.C. 2151.353(A)(4) and in accordance with R.C. 2151.414(E) and 2151.414(D)(1) in its decision. After careful review of the entire record, we find the evidence was legally sufficient to support the juvenile court's decision as a matter of law. Further, we do not find the juvenile court's decision to grant permanent custody of the child to CCDCFS to be against the manifest weight of the evidence. Mother's first assignment of error is overruled.

{¶ 17} Under her second, third, and fourth assignments of error, mother claims the juvenile court committed plain error in several respects.

{¶ 18} First, mother claims the juvenile court committed plain error in failing to appoint her a guardian ad litem in light of her mental disabilities. The record reflects mother's counsel represented that this was unnecessary, and there is no indication that mother was mentally incompetent or unable to understand and participate in the proceedings. Second, mother claims the juvenile court committed plain error when the child's GAL failed to interview mother. The record reflects that the child's GAL performed his duties adequately and that mother's substantial rights were not violated. Third, mother claims the juvenile court committed plain error in evidentiary rulings made at the adjudication and disposition hearings. We need not address the arguments pertaining to Juv.R. 34 or the application of the rules of evidence. Mother has not demonstrated any reversible error occurred. Further, to

the extent mother did not object below, she has forfeited all but plain error as to these arguments.

{¶ 19} The Supreme Court of Ohio has stressed that in civil appeals, the doctrine of plain error "is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997). Having considered the arguments raised, we are unable to find any error that seriously affects the legitimacy of the underlying proceeding. Mother has failed to demonstrate plain error on appeal. The second, third, and fourth assignments of error are overruled.

{¶ 20} Under her fifth assignment of error, mother claims she received ineffective assistance of counsel because her counsel did not request a GAL be appointed for mother, failed to file a motion for temporary custody, and failed to object to the admission of inadmissible hearsay at trial. Even if we were to consider mother's argument as proper, mother's claim of ineffective assistance of counsel fails because she has failed to show that counsel's performance was deficient or that there was a reasonable probability the result of the proceedings would have been different. We cannot conclude otherwise in light of the record before us. The fifth assignment of error is overruled.

{¶ 21} Under her sixth assignment of error, mother argues the cumulative effect of the errors of the juvenile court and her counsel warrant reversal. As the Supreme Court of Ohio has recognized, a claim of cumulative error is foreclosed when the errors were not objected to and no plain error is found. *State v. McAlpin*, 2022-Ohio-1567, ¶ 256. Further, "[u]nder the doctrine of cumulative error, 'a conviction will be reversed when the cumulative effect of errors in a trial deprives the defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal.'" *Id.* at ¶ 257, quoting *State v. Powell*, 2012-Ohio-2577, ¶ 223. We have not found multiple errors occurred, nor have we found plain error as to any purported unobjected-to errors. Further, the record shows that mother received a fair trial. Accordingly, the doctrine of cumulative error is inapplicable. The sixth assignment of error is overruled.

{¶ 22} We are not persuaded by any other argument raised by mother that has not been specifically addressed herein.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR