[Cite as *Slusher v. All Points Chimney*, 2017-Ohio-779.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Laura Slusher | Court of Appeals No. L-16-1100 |
| Appellee | Trial Court No. CVI-1600022 |
| v. | |
| All Points Chimney | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 3, 2017 |

* * * * *

Clint M. McBee, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, All Points Chimney, appeals from the judgment of the Sylvania Municipal Court, awarding $2,465.03 in favor of appellee, Laura Slusher, on her claim for breach of contract. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On February 9, 2016, appellee filed a small claims complaint against appellant, alleging that appellant was hired to install a chimney pipe, but failed to do so. The matter proceeded to a bench trial on April 7, 2016.

{¶ 3} The facts elicited from the bench trial are as follows. In the late summer of 2015, appellee, through her architect, solicited bids to install a chimney for a radiant wood-burning stove as part of her home renovation. Appellant was one of the companies that provided an estimate. Appellee agreed to appellant's proposal, and on September 28, 2015, paid appellant $1,412.65 for the chimney parts required for the installation. At the time, the estimate from appellant for the labor for the installation was $685 "if you want us to do it."

{¶ 4} Subsequently, it was discovered that the stove could not be installed as originally contemplated. Appellee consulted with appellant, and an alternative installation was planned. Due to the alterations, appellant submitted a second estimate for an additional down payment of $992.38 for parts, with a balance of $785 for labor due upon installation. In addition, appellant collected a $60 consulting fee. Appellee paid the $992.38 down payment on October 26, 2015.

{¶ 5} On November 23, 2015, appellant delivered the parts,[1] and informed appellee that installation would occur two days later, on November 25, 2015.

---

[1] The parties dispute whether all of the parts were delivered.

2.

{¶ 6} Prior to the installation date, appellant informed appellee that it would not complete the installation because the stove would create a fire hazard as it was to be installed near a combustible wall. Gregory Keefer, the owner of appellant, explained at the trial that when they agreed to the alternative installation, the walls had not been completed, and he informed appellee that the stove could not be installed next to drywall. Rather, the wall had to be made of a noncombustible material. He testified that when he delivered the parts, he noticed that the wall was made of drywall. Thus, he told appellee that he would not take the liability for installing the stove in that manner. Notably, Larry Miller, the architect for appellee, testified that he applied for a permit for the installation, which was approved as prepared by his architectural drawings.

{¶ 7} Following the trial, the court issued its decision on April 25, 2016, in which it concluded that the parties had entered into a partial written and partial oral contract for the purchase and installation of chimney parts for the wood-burning stove. In addition, the court concluded that appellant breached the contract by not completing the job, even though appellee's architect had pulled a permit to have the project completed as set forth in the permit drawings. Therefore, the court awarded judgment in favor of appellee in the amount of $2,465.03, which represents the total amount she paid to appellant. Further, the court noted that if appellant paid the judgment within ten days, it would be entitled to retrieve the delivered chimney parts. If it failed to do so, the parts would be forfeited.

3.

## II. Assignment of Error

{¶ 8} Appellant has timely appealed the trial court's April 25, 2016 judgment, and now asserts one assignment of error for our review:

> 1. The trial court erred as a matter of law by granting plaintiff judgment in her favor because the facts demonstrate defendant should be awarded judgment.

## III. Analysis

{¶ 9} An appellate court reviews judgments from the trial court following a bench trial under the manifest weight of the evidence standard. *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 12. The standard of review for manifest weight is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. As such, we must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* at ¶ 20. In so doing, "the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶ 10} In support of its assignment of error, appellant argues that the sale of the parts was complete, and that it did not breach the agreement to install the chimney. Rather, appellant contends that appellee was the cause of the failure to complete the

4.

contract because of her insistence on locating the stove in a manner that was unsafe and in violation of the building code.

{¶ 11} Upon consideration, we do not find this to be the exceptional case where the trial court lost its way and created a manifest miscarriage of justice. Here, the trial court's conclusion that the contract was for both parts and installation is supported by the testimony regarding the parties' conduct, as well as an October 20, 2015 email from appellant to appellee stating, "We will require a downpayment of $992.38 prior to any product being ordered. Balance due will be the installation cost of $785 and any applicable tax." In addition, it is undisputed that appellant did not install the chimney. Finally, the court's conclusion that appellant breached the contract by failing to install the chimney, despite appellant claiming that the installation was unsafe, is supported by the fact that appellee's architect applied for and was awarded a building permit for the installation as set forth in the permit drawings. Therefore, we hold that the trial court's judgment finding appellant to be in breach of the contract is not against the manifest weight of the evidence.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____
                  JUDGE

Arlene Singer, J.

             _____

Thomas J. Osowik, J.        JUDGE
CONCUR.

             _____
                  JUDGE