[Cite as *In re M.B.*, 2020-Ohio-3139.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: M.B.

C.A. No.    20AP0002

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2018 JUV-C 000153

DECISION AND JOURNAL ENTRY

Dated: June 1, 2020

SCHAFER, Judge.

{¶1}    Appellant, L.B. ("Father"), appeals from a judgment of the Wayne County Court of Common Pleas, Juvenile Division, that terminated his parental rights and placed his minor child in the permanent custody of Wayne County Children Services Board ("CSB").  This Court affirms.

I.

{¶2}    Father is the biological father of M.B., born November 7, 2012.  The child's mother ("Mother") did not participate in the permanent custody hearing and has not appealed the trial court's judgment.

{¶3}    CSB had a prior case with this child in 2015.  M.B. was removed from the Mother's home and adjudicated a dependent child because of domestic violence in the home, where the child lived with Mother and another man.  The juvenile court later placed M.B. in the legal custody of her maternal grandmother ("Custodian") and eventually closed that case.

{¶4} On February 21, 2018, CSB filed another complaint, alleging that M.B. was a dependent child because she was being exposed to illegal drug activity by Mother and others in the home of Custodian. M.B. was removed from Custodian's home and placed in the emergency temporary custody of CSB.

{¶5} M.B. was again adjudicated a dependent child and later placed in the temporary custody of CSB. Pursuant to her request, Custodian was later dismissed as a party to this case.

{¶6} During the next year, Father made little progress on the reunification goals of the case plan. He did not obtain stable employment or housing and continued to test positive for methamphetamines and amphetamines throughout this case.

{¶7} On July 19, 2019, CSB moved for permanent custody of M.B. Following an evidentiary hearing, the trial court terminated parental rights and placed M.B. in the permanent custody of CSB. Father appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED [IN] FINDING THAT GRANTING PERMANENT CUSTODY OF THE MINOR CHILD WAS IN THE BEST INTEREST OF THE CHILD.

{¶8} Father's sole assignment of error is that the trial court's permanent custody decision was against the manifest weight of the evidence. In considering whether the juvenile court's judgment is against the manifest weight of the evidence, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [hearing] ordered." (Internal quotations and citations omitted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶

20. When weighing the evidence, this Court "must always be mindful of the presumption in favor of the finder of fact." Id. at ¶ 21.

{¶9} Before a juvenile court may terminate parental rights and award permanent custody of a child to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned; orphaned; has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; the child or another child in a parent's custody has been adjudicated abused, neglected, or dependent on three separate occasions; or the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996).

{¶10} The trial court found that the first prong of the permanent custody test was satisfied because M.B. had been in the temporary custody of CSB for at least 12 months of a consecutive 22-month period. *See* R.C. 2151.414(B)(1)(d). Father does not challenge that finding, which was supported by the record. The facts are not disputed that, at the time CSB moved for permanent custody, M.B. had been in its temporary custody for more than 15 months of a consecutive 22-month period.

{¶11} Next, the trial court found that permanent custody was in the best interest of M.B. When determining the child's best interest under R.C. 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the child, the child's wishes, the custodial history of the child, the need for permanence in the child's life, and whether any of the factors set forth in R.C. 2151.414(E)(7) to (11) apply to the facts of the case. R.C.

2151.414(D)(1); *In re R.G.,* 9th Dist. Summit Nos. 24834 and 24850, 2009-Ohio-6284, ¶ 11. None of the factors in R.C. 2151.414(E)(7) to (11) apply to the facts of the case.

{¶12} Although witnesses observed that there was a bond between Father and M.B., Father's interaction with M.B. was limited to weekly, supervised visitation because Father did not engage in drug treatment and continued to test positive for drugs. The caseworker testified on the second day of the hearing that Father had tested positive for methamphetamines and amphetamines as recently as the conclusion of the first day of the hearing.

{¶13} At the end of August 2018, Father's visits with M.B. were suspended because he came to a visit with an infection that had caused him to lose part of a finger. CSB requested proof that Father had received medical treatment and that he was not contagious before it would reinstate his visits. Father never provided any medical documentation, nor did he ask to have his visits reinstated. Moreover, Father was later incarcerated for 120 days for an assault conviction. By the time of the hearing, Father had not seen M.B. for more than one year.

{¶14} M.B.'s therapist testified that the child has oppositional defiant disorder and needs to live in a stable environment with established boundaries. M.B. has adjusted well to her current foster home, where she had been living for more than one year by the end of the hearing. The foster mother testified that she loved M.B. and was interested in adopting her.

{¶15} M.B. was seven years old at the time of the hearing. The guardian ad litem testified that M.B. told her that she would like to be adopted by her current foster mother. The guardian ad litem opined that M.B. was doing well in her current foster home and believed that permanent custody was in the child's best interest. She also expressed concern that Father had not achieved a period of sobriety except during his 120-day incarceration.

{¶16}  M.B.'s custodial history included more than four years living outside her parents' custody.  She was removed from Mother's home in a prior case in 2015 and was ultimately placed in the legal custody of Custodian.  During this case, M.B. had lived in three different temporary placements and needed a legally secure permanent placement.  The parents were not prepared to provide her with a suitable home and CSB had not found any relative who was willing and able to do so.  The trial court reasonably concluded that a legally secure permanent placement would be achieved by placing M.B. in the permanent custody of CSB.  Father's assignment of error is overruled.

## III.

{¶17}  Father's assignment of error is overruled.  The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.