[Cite as *Horne v. Stafford*, 2020-Ohio-5073.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KATHERINE HORNE | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Petitioner-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LYNDSEY STAFFORD | : | Case No. 20-CA-17 |
| | : | |
| Respondent-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 19-DV-47


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        October 26, 2020


APPEARANCES:

For Petitioner-Appellee                    For Respondent-Appellant

HOLLY P. REGOLI                          SCOTT P. WOOD
124 West Main Street                      120 East Main Street
Suite 203                                Suite 200
Lancaster, OH  43130                      Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}  Respondent-Appellant, Lyndsey Stafford, appeals the February 27, 2020 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, upholding the domestic violence civil protection order issued against her on October 17, 2019.  Petitioner-Appellee is Katherine Horne.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties were in a relationship and resided together from July 2018 to September 2018.  On September 28, 2018, appellant choked appellee and knocked her purse off of the counter.  When appellee bent down to retrieve her purse and its contents, appellant kicked her hand, breaking a bone in appellee's hand which required surgery and physical therapy.  As a result, appellant was charged with felonious assault, abduction, and domestic violence.  At the time, a criminal temporary protection order was issued against appellant to protect appellee.  A jury found appellant not guilty of the charges on June 26, 2019.  The temporary protection order was subsequently terminated.

{¶ 3}  On July 1, 2019, appellee filed a petition for a domestic violence civil protection order against appellant.  In her petition, appellee detailed the September incident, alleged continued contact following the criminal trial, and claimed she was "scared for my life that Stafford will continue to come after me and harm me again.  I feel my life is in danger causing me to live my day-to-day life in fear."  The trial court granted an ex parte order on same date.

{¶ 4}  A hearing before a magistrate was held on August 28, 2019.  By order filed October 17, 2019, the magistrate issued a domestic violence civil protection order to appellee as against appellant for five years.  Findings of fact and conclusions of law were filed contemporaneously with the order.

{¶ 5}   Appellant filed objections challenging the magistrate's conclusions of law, specifically arguing insufficient evidence was presented to support the magistrate's conclusion that appellant placed appellee "in fear of imminent physical harm" as "there had been no incidents of violence or threat of violence since September, 2018, nearly a year prior to the hearing."  By judgment entry filed February 27, 2020, the trial court denied the objections, and ordered the October 17, 2019 civil protection order to remain in full force and effect.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN GRANTING THE CIVIL PROTECTION ORDER AGAINST APPELLANT."

I

{¶ 8}   In her sole assignment of error, appellant claims the trial court erred in granting appellee a domestic violence civil protection order.  We disagree.

{¶ 9}   A petition for a domestic violence civil protection order is governed by R.C. 3113.31.  Subsection (A) states the following in relevant part:

(A) As used in this section:

(1) "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:

(a) Attempting to cause or recklessly causing bodily injury;

(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code[.]

{¶ 10} "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." *Felton v. Felton,* 79 Ohio St.3d 34, 1997-Ohio-302, paragraph two of the syllabus. "Preponderance of the evidence" is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

{¶ 11} A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 12} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *L.L. v. R.B.,* 5th Dist. Guernsey No. 17 CA 02, 2017-Ohio-7553; *Singhaus v. Zumbar*, 5th Dist. Tuscarawas No. 2015AP020007, 2015-Ohio-4755. In order to find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} On August 28, 2019, the magistrate conducted a full hearing. She reviewed the evidence presented and filed findings of fact and conclusions of law on October 17, 2019.

{¶ 14} In her findings of fact, the magistrate found two incidents of domestic violence by appellant which caused appellee to be "fearful" and suffer "from a 'high level' of anxiety." Findings of Fact Nos. 4-6. The incidents occurred in July and September 2018. These findings are supported in the record. T. at 14-16, 18-19, 26-27.

{¶ 15} Appellee testified in July 2018, the two engaged in "some sort of argument" and appellant "choked me down onto the floor of our living room." T. at 27. In September 2018, appellant shoved her against the wall and choked her. T. at 14. Appellant then smacked appellee's purse off the counter onto the floor. *Id.* As appellee bent down to gather her things, appellant kicked her hand "like a soccer ball," breaking her hand. *Id.* At the time of the hearing, appellee was fearful of appellant and was suffering from "very high levels of anxiety, fear of retaliation for calling 9-1-1 the day of the incident" which caused her to seek counseling. *Id.* On cross-examination, appellee stated following the criminal trial, appellant communicated with her via text messages. T. at 30. Although the messages did not contain threats of violence, appellee reported the communication to police. *Id.* Appellee's mother and stepfather testified appellee was very anxious, nervous, angry sometimes, and a little bit withdrawn, and if she goes out, she's constantly looking around. T. at 33, 39.

{¶ 16} The magistrate concluded appellant "recklessly caused bodily injury" to appellee and placed appellee "in fear of imminent serious physical harm" in violation of R.C. 3113.31(A)(1)(a) and (b). Conclusions of Law Nos. 7-9.

{¶ 17} Appellant argues there have been no incidents of threats of violence since September 2018 and the two aforementioned incidents are too remote in time to justify the issuance of the civil protection order in October of 2019. Appellant argues the two incidents "did not place Appellee in fear of 'imminent' harm" and her actions "would not have caused a reasonable person to be in fear." Appellant's Brief at 3.

{¶ 18} In her Conclusions of Law No. 6, the magistrate addressed this issue as follows:

The fact that Petitioner filed a petition for a Domestic Violence Civil Protection order on July 1, 2019, when the alleged incident that resulted in her hand injury occurred in September of 2018, is not a factor that weighs against the granting of the CPOI; Petitioner was a protected party pursuant to a Temporary Protection Order during this time period and sought the CPO five days after the termination of the TPO.

{¶ 19} On cross-examination, appellant denied admitting during a jail interview to smacking appellee's purse off of the counter and then kicking her hand. T. at 10. On rebuttal, a video was presented of appellant being interviewed at the jail by police wherein she admitted that she pushed appellee's purse off the counter and "I was going to kick it, as she was bending down, her hand was there." T. at 45, 48-49; State's Exhibit 2.

{¶ 20} In Findings of Fact Nos. 12 and 13, the magistrate found appellant's testimony was not credible and appellee's testimony was credible. The magistrate found appellee fears appellant due to her actions and her fear "is reasonable under the circumstances."

{¶ 21} In its judgment entry filed February 27, 2020, the trial court determined the "credible evidence of the record was sufficient to support the grant of the protection order." We concur with this decision. Appellee testified to two incidents of physical abuse by appellant, both involved choking and one caused a broken bone. Appellee testified she was currently fearful of appellant and was suffering from very high levels of anxiety. During the time after the September 28, 2018 incident until the not guilty finding in the criminal case, appellee was covered by a criminal temporary protection order. Five days later, appellee filed

her petition for a domestic violence civil protection order.  Appellee did not delay in requesting a protection order.

{¶ 22} Upon review, we find sufficient evidence was presented to support the trial court's decision on meeting the preponderance of the evidence standard and issuing the domestic violence civil protection order.

{¶ 23} The sole assignment of error is denied.

{¶ 24} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/db