[Cite as *Luoma, Exr. of Estate of Bayus v. Bayus*, 2025-Ohio-2738.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

JILL LUOMA, EXECUTOR
FOR THE ESTATE OF
PATRICIA A. BAYUS
a.k.a. PATRICIA D. BAYUS,

        Plaintiff-Appellee,

- vs -

DAVEY BAYUS,

        Defendant-Appellant.

CASE NO. 2025-T-0005

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2024 CVA 0028

---

## OPINION AND JUDGMENT ENTRY

Decided: August 4, 2025
Judgment: Affirmed

---

*Jill Luoma*, pro se, c/o Rafidi Jackson LTD., 154 Youngstown-Hubbard Road, Suite D, Hubbard, OH 44425 (Plaintiff-Appellee).

*Brendan J. Keating*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}   Defendant-appellant, Davey (David) Bayus, appeals the final judgment of the Trumbull County Probate Court in favor of Jill Luoma, executrix of the estate of Patricia A. Bayus aka Patricia D. Bayus, in a concealment action.  For the following reasons, we affirm the judgment of the court below.

***Substantive and Procedural History***

{¶2}   On July 9, 2024, Luoma filed a concealment/embezzlement complaint against Bayus, alleging that Bayus was in possession of certain firearms belonging to the

estate of Patricia Bayus.

{¶3} The matter was tried on December 16, 2024. The parties agree on the following testimony: Patricia Bayus was married to John Bayus (David Bayus' uncle) and was the mother of Jill Luoma. John Bayus was a firearm enthusiast with a collection of guns which were kept in a room in his basement built for that purpose. The basement flooded periodically. When flooding occurred, the firearms were moved upstairs. Patricia inherited the firearms upon John's death in 2019. On October 21, 2021, Bayus removed the firearms including the racks on which they were kept from Patricia's residence. Patricia died on March 20, 2023. According to her last will and testament:

> I [Patricia Bayus] direct that all guns and rifles I own at the time of my death including, without limitation, my 38 special pistol, 45 automatic pistol, Marlin Model 92 lever action rifle, 357 Dan Wessen [sic] pistol and 30-30 Winchester carbine rifle, and all other guns and loading equipment be given, devised and bequeathed to my grandson, **Ryan Maki** [Jill Luoma's son].

{¶4} Jill Luoma testified in support of the complaint that she lived with Patricia for about ten years prior to her passing and is the executrix of her will. In October 2021, Patricia asked Bayus to take the firearms and hold them for her in case the basement flooded again.[1] Bayus told Patricia that Maki could take the firearms whenever he wanted. In December 2021, Luoma recalled that Patricia called Bayus and asked him to return the firearms. Bayus replied that she had given them to him but Patricia denied this and wanted them returned. On March 7, 2023, Luoma texted Bayus that Patricia wanted to know when he was going to return the firearms. Bayus did not respond.

{¶5} Ryan Maki testified that it was Patricia's wish that he inherit the firearms.

---

1. Decedent's statements were admitted pursuant to Evid.R. 804(B)(5) providing a hearsay exception for statements of deceased persons.

Case No. 2025-T-0005

He thought it odd that Bayus would remove the firearms from Patricia's house since they would normally just be moved upstairs in the event of flooding. Maki contacted Bayus after he removed the firearms and asked him why he took them. Bayus responded that the basement was in bad shape and that they would be safer with him.

{¶6} Gregory Morrow, the sales floor manager at Stocker's Gun Shop in Champion, Ohio, conducted an appraisal of 33 firearms in Bayus' possession and claimed as property of the decedent's estate. He determined the value of the firearms to be $6,235.

{¶7} David Bayus testified that it was Patricia's as well as John's intent that he receive the firearms and Patricia told him that the firearms were his. He claimed Patricia asked for the firearms to be returned because she was pressured ("bugged") to do so by Luoma and Maki.

{¶8} On January 3, 2025, the probate court issued its judgment in favor of Luoma. The court determined that Bayus had concealed, embezzled, conveyed away or was in possession of the 33 firearms appraised by Morrow and that he failed to meet his burden of proving the gift of those firearms by clear and convincing evidence. The court ordered Bayus to return the firearms to Luoma in her capacity as fiduciary of the estate or pay the amount of $6,235.

{¶9} Bayus appeals and raises the following assignment of error:

> The trial court's judgment entry finding in favor of plaintiff-appellee and finding that the defendant-appellant failed to meet his burden of proving a gift by clear and convincing evidence is against the manifest weight of the evidence.

*Applicable Law: Concealment Actions*

{¶10} "Upon complaint made to the probate court of the county having jurisdiction

of the administration of an estate, … by a person interested in the estate, … against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any … personal property, … the court shall by citation or other judicial order compel the person or persons suspected to appear before it to be examined, on oath, touching the matter of the complaint." R.C. 2109.50. "[A] R.C. 2109.50 proceeding for the discovery of concealed or embezzled assets of an estate is a special proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there." *Goldberg v. Maloney*, 2006-Ohio-5485, ¶ 23.

***Applicable Law: Inter Vivos Gifts***

{¶11} "'[A]lthough property that passed by inter vivos gift or transaction is not property of the estate retrievable by an executor under R.C. 2109.50, the probate court can determine that the inter vivos gift or transaction was invalid, in which case the property is an asset of the estate retrievable by R.C. 2109.50.'" (Citation omitted.) *Id.* at ¶ 34. "The essential elements of an inter vivos gift are (1) an intention on the part of the donor to transfer the title and right of possession to the donee, (2) delivery by the donor to the donee, (3) relinquishment of ownership, dominion, and control over the gift by the donor, and (4) acceptance by the donee." *Williams v. Ormsby*, 2012-Ohio-690, ¶ 20.

{¶12} "[T]o prove a gift *inter vivos* clear and convincing evidence is required," defined as "'that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" *In re Fife's Estate*, 164 Ohio St. 449, 456 (1956), citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Case No. 2025-T-0005

### Applicable Law: Manifest Weight of the Evidence

{¶13} "[A] court of appeals has the authority to reverse a judgment as being against the weight of the evidence." *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 7. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony." (Citation omitted.) *Id.* Nonetheless, "[i]n weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 21.

### Bayus' Argument on Appeal

{¶14} Bayus acknowledges that the determinative issue on appeal is the decedent's intent in relinquishing possession of the firearms to him, i.e., whether she intended to irrevocably transfer ownership of the firearms to him. He further acknowledges that evidence exists supporting each party's position (the parties gave conflicting testimony regarding the decedent's intentions). Nevertheless, he maintains the following points conclusively establish the decedent's donative intent: (1) None of the firearms specifically identified in the will are in his possession and the will is silent with respect to those in his possession. (2) The firearms had never been removed from the decedent's home for safe keeping and, in October 2021, there was no immediate threat

of flooding. (3) Bayus was given the mounted racks for storing the firearms as well as the firearms themselves. (4) If the decedent had intended for Maki to inherit the firearms she could have given them to him for safe keeping. (5) Bayus' close relationship with the decedent dates back ten years and included her husband (his uncle) who acquired the firearms. (6) No action was instituted to have the firearms returned from the time the decedent relinquished possession until her death (one year, four months, and twenty-seven days as calculated by Bayus).

***The Probate Court's Judgment is not Against the Weight of the Evidence***

{¶15} Bayus' arguments all have a certain degree of validity. Nonetheless, other circumstances exist supporting the conclusion that the decedent did not intend to gift the firearms. The will does not only bequeath the identified firearms to Maki but "all guns and rifles I own at the time of my death … without limitation." Bayus is not a beneficiary under the will. This provision would have little meaning if the firearms had been gifted to Bayus. The decedent requested the return of the firearms within months of Bayus taking possession of them and requested their return again within months of her death.

{¶16} In sum, the evidentiary record does not permit a conclusive determination of the decedent's intent one way or the other unless one party's testimony is wholly discredited (and it is acknowledged that the decedent may have told each party what they wanted to hear). The circumstances relied upon by Bayus are not sufficient to wholly discredit Luoma's and Maki's direct testimony as to the decedent's intentions regarding the firearms. Given the facts of this case, the probate court's judgment did not create such a miscarriage of justice that it must be reversed.

{¶17} The sole assignment of error is without merit.

Case No. 2025-T-0005

{¶18} For the foregoing reasons, the judgment of the Trumbull County Probate Court is affirmed.  Costs to be taxed against the appellant.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-T-0005

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.

Costs to be taxed against appellant.


_____
JUDGE SCOTT LYNCH


_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE MATT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0005